**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FLINT J. LEE,               )
                                  )
        Plaintiff,      )
                                  )     Case No. 19-cv-30
       v.            )
                                  )     Judge Robert M. Dow, Jr.
NATALIE HOWSE, KIM FOXX, LEO    )
P. SCHMITZ, EDDIE JOHNSON, LISA  )
MADIGAN, and ARTHUR WILLIS,    )
                                  )
        Defendants.    )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Flint Lee ("Plaintiff") brings this Section 1983 suit against Assistant Cook County State's Attorney Natalie Howse ("Howse"); Cook County State's Attorney Kim Foxx ("Foxx"); former Director of the Illinois State Police Leo Schmitz ("Schmitz"); former Superintendent of the Chicago Police Department ("CPD") Eddie Johnson ("Johnson"); former Illinois Attorney General Lisa Madigan ("Madigan"); and former public defender Arthur Willis ("Willis") for alleged constitutional violations arising out of Plaintiff being required to register as a sex offender under Illinois' Sex Offender Registration Act, 730 ILCS 150/1 *et seq.* ("SORA"). All Defendants have filed motions to dismiss Plaintiff's governing amended complaint [51]. See [58], [59], [62], [89], and [91]. Plaintiff has also filed various motions. See [105], [110], [114]. For the reasons that follow, all of Defendants' motions to dismiss, [58], [59], [62], [89], and [91], are granted and Plaintiff's amended complaint is dismissed in its entirety. Plaintiff's request to amend complaint [105] and request for permission to start discovery [110] are both denied and Plaintiff's request for Defendants to admit [114] is stricken. However, Plaintiff is given until June 26, 2020 to file a motion for leave to file a second amended complaint, to the extent he can do so consistent with

this opinion and Rule 11.  See Fed. R. Civ. P. 11.  Plaintiff must attach to his motion the second amended complaint that he seeks to file.  All documents must be served on Defendants in compliance with Federal Rule of Civil Procedure 4.

## I.  Background[1]

Plaintiff filed his governing first amended complaint ("Complaint") [51] *pro se*.  The Complaint is lacking in factual detail and difficult to follow.  As best the Court can tell based on the Complaint, public records of which the Court may take judicial notice,[2] Plaintiff's response brief [65], and Plaintiff's original complaint [1],  Plaintiff complains about the following: In 1989, Plaintiff "was convicted by a jury of attempted murder, armed robbery, attempted aggravated criminal sexual assault, and aggravated battery" for attacking a real estate agent in a model home. *People v. Lee*, 584 N.E.2d 185, 186 (Ill. App. 1991).  At trial, a witness for the state read a statement from Plaintiff in which he allegedly "confessed to being on cocaine during the incident, planned to take [the victim's] purse or camera, entered the model home, changed the light bulbs, choked her, intended to knock her out by striking her with a lamp, pulled her pants down to fulfill a sexual fantasy of rape, but stopped when he saw she had her period, took her keys, and removed [the victim's] purse from the drawer in the office." *Id*. at 187.  Plaintiff was "sentenced to 30 years on the attempted murder conviction, 15 years on the sexual assault conviction, and 30 years on the armed robbery conviction, all to be served concurrently." *Id*. at 186.  The conviction and sentence

---

[1] For purposes of Defendants' motions to dismiss, the Court assumes as true all well-pled allegations set forth in Plaintiff's Complaint [51].  See *Calderon-Ramirez v. McCament*, 877 F.3d 272, 275 (7th Cir. 2017).

[2] See *Orgone Capital III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019) (on motion to dismiss court may "take judicial notice of matters of public record"); *Collins v. Village of Palatine*, 875 F.3d 839, 842 (7th Cir. 2017) ("judicial notice of public court documents is appropriate when ruling on a Rule 12(b)(6) motion to dismiss").

for the attempted murder charge were reversed due to an error in instructing the jury. See *id*. at 187-88. On remand, the prosecutor dismissed the attempted murder charge.

After serving his prison sentence, Plaintiff was required to complete three years of mandatory supervised release. Upon completing supervised release, Plaintiff was required by SORA, 730 ILCS 150/3(c)(4), to register as a sex offender. See [65] at 3. He also must report to the CPD every ninety days for life. See [51] at 7.

In March 2012, Plaintiff was arrested and charged with failure to register as a sex offender as required by SORA. See [65] at 3. At the time of the offense, 730 ILCS 150/3(a) required that "[a] sex offender . . . within the time period prescribed in subsections (b) and (c), register in person and provide accurate information as required by the Department of State Police." Plaintiff was convicted of the charge. See [1] at 8. Plaintiff emphasizes that when he was convicted, the presiding judge "stated numerous times" that the charge was "based upon … Plaintiff's 1989 conviction for attempt[ed] aggravated criminal sexual assault." *Id*. at 7-8.

Plaintiff alleges that being required to register as a sex offender has caused him to be publicly labeled a sexual predator and fails to afford him the presumption of innocence or reasonable doubt in violation of the Due Process, Double Jeopardy, Ex Post Facto, and Equal Protection Clauses and the Fourth and Fifth Amendments of the United States Constitution. Plaintiff alleges that all of the Defendants have enforced state laws requiring Plaintiff to register as a sex offender with "willful, malicious, deliberate indifference towards" Plaintiff, which has "caused adverse and damaging effects upon [his] liberty and freedom." [51] at 12. In particular, Plaintiff alleges that Howse, an Assistant Cook County States' Attorney, "intentionally misrepresented the law and possible prison time the Plaintiff could face to induce the Plaintiff to accept the two year offered by the Court." *Id*. (it is not clear what "two year offer" or proceeding

Plaintiff is referring to).  Foxx (who is currently Cook County State's Attorney but was not in office when Plaintiff was convicted of failure to register in 2012) allegedly "has created an unconstitutional custom, policy and practice" by "allowing her subordinates to lie, make false arguments and misrepresent the facts in the prosecution of the Plaintiff by failing, refusing and insuring due process, fairness and truthfulness is being constitutionally enforced."  *Id*. at 13.  Johnson, CPD's former Superintendent, allegedly "allowed threats, abuse and threats of punishment, to deprive the plaintiff of his procedural due process rights by his subordinates" at the "35th Street Station Registry Department" in Chicago.  *Id*. at 14.  Madigan, the former Illinois Attorney General,  allegedly "knew the Plaintiff was suffering abusive unconstitutional practice at the direct hands of the Illinois State Police."  *Id*. at 15.  Schmitz, the former Director of the Illinois State Police, allegedly "created or allowed a custom, policy and practice that forced the Plaintiff to abide the registry requirements out of abuse."  *Id*.  Finally, Willis—who was Plaintiff's public defender and is now a Cook County Circuit Judge—allegedly "conspire[ed] to deprive[] Plaintiff of his constitutional right to a trial and impartial trial or hearing."  *Id*. at 16.  Plaintiff brings all of his claims against all Defendants in both their official and individual capacities.  Plaintiff seeks "removal from the sex offenders attachments and requirements" and a total of "$1.230 billion dollars" in monetary damages.  *Id*. at 17-19.

## II.    Motions to Dismiss

### A.    Legal Standard

Defendants' motions to dismiss are brought pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.  Rule 12(b)(5) is used to enforce rules governing service of process.  The plaintiff has the burden to prove that the defendant was properly served such that the court obtained personal jurisdiction.  *Luxottica Group S.p.A. v. Partnerships & Unincorporated*

4

*Associations Identified on Schedule "A"*, 391 F. Supp. 3d 816, 821 (N.D. Ill. 2019); see also *Paulsen v. Abbott Labs.*, 368 F. Supp. 3d 1152, 1163 (N.D. Ill. 2019). "If the Court determines that the plaintiff has not met that burden and lacks good cause for not perfecting service, the Court must either dismiss the suit or specify a time within which the plaintiff must serve the defendant." *Id*. (citing Fed. R. Civ. P. 4(m)). This decision is "inherently discretionary" and can be made based on affidavits and other documentary evidence. *Id*.

A Rule 12(b)(6) motion challenges the legal sufficiency of the complaint. For purposes of a motion to dismiss under Rule 12(b)(6), the Court "'accept[s] as true all of the well-pleaded facts in the complaint and draw[s] all reasonable inferences in favor of the plaintiff.'" *Calderon-Ramirez*, 877 F.3d at 275 (quoting *Kubiak v. City of Chicago*, 810 F.3d 476, 480-81 (7th Cir. 2016)). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must allege facts which, when taken as true, "'plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level.'" *Cochran v. Illinois State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007)). The Court reads the Complaint and assesses its plausibility as a whole. See *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). It is also proper for the Court to "consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (citing *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir.2012)); see also Fed. R. Civ. P. 10(c).

Plaintiff is proceeding pro se. The Seventh Circuit has explained that a district court has "'a special responsibility to construe pro se complaints liberally and to allow ample opportunity

for amending the complaint when it appears that by so doing the pro se litigant would be able to state a meritorious claim.'" *Kiebala v. Boris*, 928 F.3d 680, 684 (7th Cir. 2019) (quoting *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996)). "In addition to viewing a 'pro se complaint with an understanding eye,' a district court may point a pro se litigant toward the correct procedure or 'take appropriate measures to permit the adjudication of pro se claims on the merits.'" *Id.* That said, the "court is not to become an advocate" and is "not charged with seeking out legal 'issues lurking within the confines' of the pro se litigant's pleadings." *Id.* at 684-85 (quoting *Caruth v. Pinkney*, 683 F.2d 1044, 1050 (7th Cir. 1982)).

### B. Analysis

#### 1. Former Police Superintendent Johnson [58]

Former Police Superintendent Johnson moves to dismiss the Complaint based on Plaintiff's failure to serve him with summons in the manner required by Federal Rule of Civil Procedure 4, as well as based on Plaintiff's failure to state a claim.

"Every defendant must be served with a copy of the complaint and summons in accordance with Rule 4." *Luxottica*, 391 F. Supp. 3d at 821 (citing Fed. R. Civ. P. 4(b), 4(c)(1)). Only proper service vests a district court with personal jurisdiction over a defendant. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). Thus, "actual knowledge of the existence of a lawsuit is insufficient to confer personal jurisdiction over a defendant in the absence of valid service of process." *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991).

In his response to Defendants' motions to dismiss [65], Plaintiff does not address the issue of sufficiency of service. Plaintiff filed a "proof of service" verifying that a copy of the Complaint was sent to Johnson by U.S. mail, addressed to "c/o Michele Marie McGee 30 North LaSalle, Suite 900, Chicago IL 60602." [56] at 1-2. As best the Court can tell from this filing, Plaintiff did not

properly serve the Complaint and summons on Johnson and therefore cannot meet his burden of demonstrating that service was proper. The Court comes to the same conclusion whether it considers the claims against Johnson in his individual capacity or his official capacity as a representative of the City.

Rule 4(e) provides that an individual within a judicial district of the United States may be served by: "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). Plaintiff did not use any of the methods specified in Rule 4(e)(2); he did not deliver the summons and complaint to Johnson personally; he did not leave a copy of the complaint at Johnson's home; and he did not deliver a copy to an agent authorized to accept service for Johnson. Instead, he used U.S. mail to send the complaint to Ms. McGee (whom Plaintiff presumably identified an appropriate person to accept service on Johnson's and/or the City's behalf).

The method used by Plaintiff also was not authorized by Illinois state law, and thus does not fall under Rule 4(e)(1), either. In Illinois, summons may be served on an individual "(1) by leaving a copy of the summons with the defendant personally," or "(2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode."

735 ILCS 5/2-203(a). Plaintiff has not demonstrated that he served Johnson in accordance with this provision, as he never contends that he made any attempt to leave a copy of the summons with Johnson personally or anyone at Johnson's home. Rather, he used U.S. mail, which is not a method authorized by Rule 4. See Fed. R. Civ. P. 4(e); see also *Sullivan v. Mitchell*, 151 F.R.D. 331, 333-34 (N.D. Ill. 1993) (plaintiff could not show good cause for failing to effect timely service on defendant where, after attempt to serve defendant by certified mail proved unsuccessful, plaintiff's counsel unsuccessfully attempted to serve defendant by regular mail, did not hire process server until a few days before expiration of time to serve, and did not move for extension of time); *Walton v. Lyons*, 962 F. Supp. 126, 128 (C.D. Ill. 1997) ("The Federal Rules of Civil Procedure do not permit service of the summons and complaint by first class, or even certified, mail.").[3]

Plaintiff's attempt at service fares no better when the Court construes the claims against Johnson is his official capacity as claims against the City. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1519 n.14 (7th Cir. 1990) ("An official capacity suit against a municipal official is merely another way of asserting a claim against the municipality."). Rule 4(j) provides that any "state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Under Illinois law, in "actions against public, municipal, governmental or quasi-municipal corporations, summons may be served by leaving a copy … with the mayor or city clerk in the case of a city … and with the president or clerk or other officer corresponding thereto in the case of any other public, municipal, governmental or quasi-municipal

---

[3] Instead of attempting service by U.S. mail, Plaintiff could have requested that Defendants waive service, as provided in Rule 4(d). A request for waiver of service must be "sent by first-class mail or other reliable means." Fed.R.Civ.P. 4(d)(1)(G); see also https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_online/ao398.pdf (form to be used to request waiver of service of summons).

corporation or body." 735 ILCS 5/2-211. Plaintiff has not demonstrated that he served Johnson in accordance with these provisions. His "proof of service" indicates that he mailed the summons and complaint to McGee via U.S. mail.

Based on Plaintiff's unexplained failure to perfect service, the Court must either dismiss the suit or specify a time within which the plaintiff must serve the defendant. Fed. R. Civ. P. 4(m). Because Plaintiff's claims against Johnson are also substantively deficient—for the reasons explained below—the Court will dismiss the claims and give Plaintiff until June 26, 2020 to file a motion for leave to file a second amended complaint to the extent he is able to do so consistent with this opinion and Rule 11. If Plaintiff's motion for leave is granted, the Court will then provide Plaintiff adequate time to serve the summons and proposed second amended complaint on Johnson in accordance with Rule 4 and the explanation provided above.

Johnson argues that he should not have been sued in his official capacity because "there is no longer a need to bring official-capacity actions against local government officials," as "local government units can be sued directly for damages and injunctive or declaratory relief." [58] at 5 (citing *Kentucky v. Graham*, 473 U.S. 159, 166 n.14 (1985)). Although courts routinely dismiss official capacity claims against municipal officials when the claims are duplicative of the plaintiff's claims against the municipality, see, e.g., *Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987), *Davis v. Village of Hazel Crest*, 2018 WL 835224, at *3 (N.D. Ill. Feb. 13, 2018), in this case Plaintiff does not separately name the City as a defendant. The Court will therefore construe the official capacity claim against Johnson as a claim against the City.

Regardless of which name should appear in the caption, the claim is subject to dismissal because Plaintiff does not identify any City or CPD policy that caused his alleged constitutional injury. Rather, his complaint seems to be that because SORA's registration requirement is

9

unconstitutional, the City must also have violated his constitutional rights by enforcing state law. However, "[a] municipality is subject to § 1983 liability only if one of its policies caused the constitutional injury." *Vasquez v. Foxx*, 895 F.3d 515, 519 (7th Cir. 2018). Thus, "[a] municipality's enforcement of a state law does not constitute an actionable official policy." *Id.* (City could not be held liable on convicted child sex offenders' § 1983 claims for violations of due process, the Takings Clause, and the Ex Post Facto Clause based on city police officers' enforcement of state law prohibiting offenders from residing within 500 feet of day-care home, where police department did not enforce a city ordinance or other municipal policy, and offenders failed to establish causal connection between city's monitoring of sex offenders' compliance with state law and offenders' alleged constitutional injury).

Plaintiff's individual capacity claim against Johnson is deficient, as well. "To succeed on a claim for supervisory liability" against a supervisory employee like Johnson, "a plaintiff must show that the supervisor was personally involved in the constitutional violation." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). "That means the supervisor 'must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he] might see.'" *Id.* (quoting *Matthews v. City of E. St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012)); see also *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019) ("Section 1983 'does not allow actions against individuals merely for their supervisory role of others.'" (quoting *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000))).

The complaint does not provide a coherent explanation of the unconstitutional actions Johnson's subordinates allegedly took or how Johnson facilitated, approved, condoned, or turned a blind eye to his subordinates' conduct. Plaintiff alleges that Johnson "allowed threats, abuse and threats of punishment, to deprive the plaintiff of his procedural due process rights by his

subordinates" at the "35th Street Station Registry Department" in Chicago. [51] at 14. But this does not tell the Court what Johnson's subordinates actually did: What threats did they make? What abusive conduct did they engage in? What procedures was he denied? When, where, and by whom? As far as the Court can tell, Plaintiff's complaint is that CPD officers required him to follow SORA and register as a sex offender. Even if Plaintiff could demonstrate that SORA is unconstitutional, Johnson would nonetheless be entitled to qualified immunity under the facts alleged here (assuming he does not waive the defense) unless Plaintiff could somehow show that it was clearly established that it violates one or more constitutional rights to enforce a state sex offender registration law that has never been declared unconstitutional. See generally *Holleman v. Zatecky*, 951 F.3d 873, 877 (7th Cir. 2020) ("Qualified immunity is an affirmative defense, but once it is raised the burden shifts to the plaintiff to defeat it. To overcome qualified immunity, the facts viewed in the light most favorable to [the plaintiff] must show that the defendant[s] violated a constitutional right and that the right was clearly established at [that] time." (citation and quotation marks omitted)). Plaintiff could not satisfy this burden on the facts alleged. See *Neita v. City of Chicago*, 830 F.3d 494, 499 (7th Cir. 2016) ("An official who reasonably relies on a facially valid state law may be entitled to qualified immunity if his conduct is later challenged.").

Johnson, along with the other Defendants, also moves to dismiss the Complaint on statute of limitations grounds. "A § 1983 claim borrows the statute of limitations for analogous personal-injury claims in the forum state; in Illinois that period is two years." *Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019). "But federal law determines when the claim accrues." *Id.* Defendants all maintain that Plaintiff's claims accrued when he was prosecuted for failing to register under SORA in 2012—seven years before Plaintiff filed his lawsuit. However, other than

a brief citation by Madigan and Schmitz to a case that is currently on appeal,[4] the parties do not discuss whether the continuing violation doctrine or any equitable tolling theories might apply to Plaintiff's claims. Given this—along with the general proposition that courts should "refrain[] from dismissing claims on the basis of an affirmative defense, such as the statute of limitations," *Bland v. Edward D. Jones & Co., L.P.*, 375 F. Supp. 3d 962, 985 (N.D. Ill. 2019), as well as the fact that Plaintiff's claims are subject to dismissal for multiple other reasons—the Court finds it inadvisable to opine on the statute of limitations issue at this juncture. Should Plaintiff be given leave to file a second amended complaint, and should Defendants again move to dismiss, they are free to assert the statute of limitations argument again.

### 2. Former Illinois Attorney General Madigan and Former Director of the Illinois State Police Leo Schmitz [59]

Madigan and Schmitz move to dismiss all of Plaintiff's claims under Rule 12(b)(6). Their motion is granted. First, Plaintiff's claims for monetary damages against Madigan and Schmitz in their official capacities are barred by the Eleventh Amendment. See *Council 31 of the American Federation of State, County &Municipal Employees, AFL-CIO v. Quinn*, 680 F.3d 875, 881–82 (7th Cir. 2012) ("[i]f properly raised, the amendment bars actions in federal court against a state, state agencies, or state officials acting in their official capacities").

Second, Plaintiff has not alleged a viable due process claim. He fails to allege any facts concerning how he was denied due process. Plaintiff's underlying 1989 conviction for aggravated criminal sexual assault remains on his record and has never been overturned. See *Lee*, 584 N.E.2d

---

[4] See [60] at 11-12; *Johnson v. Newton*, 2019 WL 2357005, at *4 (N.D. Ill. June 4, 2019) (finding that Plaintiff's claims under 42 U.S.C. §1983 alleging that he was wrongfully and coercively classified as a sex offender were barred by the two-year statute of limitations and that the continuing violation doctrine did not apply because registration requirements were continuing effects not violations), *currently on appeal*, Case No. 19-2261 (7th Cir.).

at 186 (appellate court decision showing Plaintiff appealed only his convictions for attempted murder and armed robbery). Plaintiff also acknowledges that he received a hearing when he was prosecuted for failing to register as a sex offender in 2012. See [1] at 6-7. Plaintiff was not entitled to a separate hearing to determine that he was required to register as a sex offender, because his status as a sex offender "was established after a procedurally safeguarded proceeding"—"the criminal proceedings" in which a jury found him guilty of aggravated criminal sexual assault. See *Murphy v. Rychlowski*, 868 F.3d 561, 566 (7th Cir. 2017) (sex offender whose conviction for rape by force mandated lifetime registration in California was not entitled as matter of due process to pre-registration hearing and opportunity to show that Wisconsin Department of Corrections should not have required him to register as sex offender while residing in Wisconsin, where offender's registration status in California was established after procedurally safeguarded criminal proceedings); *Steward v. Folz*, 190 Fed. Appx. 476, 479 (7th Cir. 2006) ("the Supreme Court has instructed that when conviction for a listed sex crime triggers registration in a sex offender registry, the procedural protections afforded the defendant prior to conviction are sufficient to establish the defendant's duty to register" (citing *Conn. Dep't of Pub. Safety v. Doe,* 538 U.S. 1, 7 (2003)).

Third, Plaintiff fails to state a claim for violation of the Double Jeopardy Clause or the Ex Post Facto Clause. To establish a claim for violation of either clause, Plaintiff must establish that SORA's registration requirement is punitive. See, e.g., *Vasquez v. Foxx*, 895 F.3d 515, 520 (7th Cir. 2018) ("a statute is not an impermissible ex post facto law unless it is both retroactive and penal"); *Smith v. Doe,* 538 U.S. 84, 97 (2003) (sex offender registration statutes do not violate the *ex post facto* clause if their aims are not punitive); *Steward*, 190 Fed. Appx. at 479 ("when a sex offender registry like Indiana's is enacted as a civil, non-punitive notification scheme, mandatory registration of convicted sex offenders does not constitute a criminal punishment in

13

violation of the double jeopardy clause"). Plaintiff cannot do so, however, because "[b]oth the Illinois and federal courts have routinely upheld registration acts against such constitutional challenges." *Turner v. County of Cook*, 2005 WL 3299822, at *13 (N.D. Ill. Dec. 2, 2005) (citing *Smith v. Doe*, 538 U.S. 84 (2003) (retroactive application of Alaska sex offender registration act does not violate ex post facto clause); *Kansas v. Hendricks*, 521 U.S. 346 (1997) (involuntary commitment as sexually violent predator pursuant to Kansas statute not unconstitutional, and does not constitute criminal punishment or violate Double Jeopardy prohibition or the ex post facto clause); *People v. Cornelius*, 821 N.E.2d 288 (Ill. Sup. 2004) (internet dissemination provisions of SORA do not violate constitutional right to privacy or substantive due process, nor do they violate equal protection principles or constitute punishment in violation of the ex post facto clause); *People v. Malchow*, 739 N.E.2d 433 (Ill. 2000) (rejecting constitutional challenges to SORA based on the ex post facto clause, cruel and unusual punishment prohibition, right to privacy, double jeopardy prohibition, and due process and equal protection clauses)).

According to the Illinois Supreme Court, the purpose of SORA's requirement that a person convicted of aggravated criminal sexual abuse prior to enactment of SORA register with police as sex offender is to enhance public safety, not to punish the offenders required to register, and therefore does not violate federal or state constitutional prohibits on ex post facto laws or double jeopardy. *Malchow,* 739 N.E.2d at 438, 442; see also *Lesher v. Trent*, 944 N.E.2d 479, 483–84 (Ill. App. 2011) ("The [Illinois] supreme court has long held that the requirement of registration under [SORA] does not constitute punishment." (citing *People v. Adams,* 581 N.E.2d 637, 641 (Ill. Sup. 1991)); *Johnson v. Rauner*, 2016 WL 3917372, at *2–3 (N.D. Ill. July 2, 2016) (holding that SORA's registration requirement does not trigger constitutional prohibitions of ex post facto laws or double jeopardy because "the registration requirement is not punitive"); *Doe v. Biang*,

14

494 F. Supp. 2d 880, 887 (N.D. Ill. 2006) (Illinois Sex Offender and Child Murderer Community Notification Law's resemblance to early punishment of colonial shaming through provision permitting distribution of flyers containing sex offender's picture, conviction, and other identifying information, while a factor considered in ex post facto analysis, was insufficient to show notification law violated ex post facto clause, in light of legislative intent of creating a civil law, and not punishment, and the general presumption of constitutionality afforded state statutes); cf. *Mueller v. Raemisch*, 740 F.3d 1128, 1133 (7th Cir. 2014) (requirements of Wisconsin's monitoring act that Wisconsin sex offenders continually update information supplied to the sex offender registry were not punitive requirements, and therefore did not trigger the constitutional prohibition of ex post facto laws); *Steward*, 190 Fed. Appx. at 479 (mandatory registration of convicted sex offender under Indiana's Sex Offender Registration Act, which is a civil and non-punitive notification scheme, did not constitute a criminal punishment in violation of the double jeopardy clause).

Fourth, Plaintiff fails to state a claim for violation of the Equal Protection Clause. The Complaint alleges that the sex offender statute arbitrarily deprives him of freedom and liberty by "shaming" him, denying him "self esteem," and "publicly labeling" him a sexual predator. See [51] at 9-10. However, the Complaint fails to allege any facts plausibly suggesting that Plaintiff was discriminated against under either rational basis review or a "class of one" theory. See *Wroblewski v. City of Washburn,* 965 F.2d 452, 460 (7th Cir. 1992) (plaintiff must allege "facts sufficient to overcome the presumption of rationality that applies to government classifications"). "Under the 'rational basis' test, Plaintiff[] must allege that (1) Defendants treated [him] differently from other similarly situated individuals; (2) because of [his] status as [a] sex offender[]; and (3) this differential treatment was not rationally related to a legitimate government interest." *Derfus*

15

*v. City of Chicago*, 42 F. Supp. 3d 888, 896–97 (N.D. Ill. 2014). Similarly, to prevail on a "class of one" theory, Plaintiff must demonstrate that there he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Frederickson v. Landeros*, 943 F.3d 1054, 1060 (7th Cir. 2019).

Plaintiff fails to allege any facts suggesting that he "he was treated less favorably than other similarly situated persons or groups—an essential element of the equal protection analysis." *Addison v. Newton*, 2015 WL 7713540, at *3 (S.D. Ill. Nov. 30, 2015) (dismissing equal protection challenge to SORA's registration requirement where plaintiff failed to allege "that the law is being applied differently to those similarly situated to him"); see also *Malchow*, 714 N.E.2d at 679 (rejecting undeveloped equal protection challenge to SORA's registration and notification requirements); cf. *Derfus*, 42 F. Supp. 3d at 897 (dismissing equal protection claim brought by class of plaintiffs who were subject to sex offender registration requirements, where plaintiffs "failed to allege that the City had no rational basis for treating homeless sex offenders differently than non-homeless sex offenders so as to overcome the presumption of rationality").

Further, Plaintiff has not pled any facts suggesting that Defendants enforced the sex offender registration requirements against him (as they were required to do by law) simply out of personal animus. If Plaintiff could show that Defendants somehow made it impossible for him to comply with SORA, exposing him to criminal liability for failing to register, he might have a claim. Compare *Frederickson*, 943 F.3d at 1064 (police officer's alleged conduct in preventing homeless sex offender from complying with the weekly sex offender registration requirements under SORA and harassing offender, without a rational basis and because of officer's alleged personal dislike of the offender, could support offender's § 1983 class-of-one equal protection

claim). But that is not what Plaintiff alleges here. His complaint appears to be with the statute on its face, not its application to him by Defendants.

Plaintiff's remaining claims are even more clearly deficient, and require little discussion. Plaintiff has not pled a Fourth Amendment claim, because he has not alleged any facts suggesting that the application of SORA allows him to suffer unreasonable searches and seizures or that he has suffered any unreasonable searches or seizures. See generally *Graham v. Connor*, 490 U.S. 386 (1989). Plaintiff also does not state a Fifth Amendment claim. Although the Complaint asserts that requiring Plaintiff to comply with SORA "has caused [his] private property to be taken and used for public use, without approval or compensation," [51] at 11, it does not allege any facts to support this legal conclusion. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Finally, Plaintiff's individual capacity claims against Madigan and Schultz must be dismissed because Plaintiff does not plausibly allege that these Defendants were personally involved in any unconstitutional conduct. See *Wilson v. Warren County*, 830 F.3d 464, 469 (7th Cir. 2016) (explaining that a defendant is personally responsible under § 1983 for the deprivation of the plaintiff's rights "if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent").

### 3. Cook County State's Attorney Kim Foxx [62]

State's Attorney Foxx moves to dismiss based on insufficiency of service and failure to state a claim. Plaintiff's service on Foxx was deficient for the same reasons that his service on Johnson was deficient: he sent the complaint via U.S. mail, rather than in accord with Federal Rule of Civil Procedure 4. See Fed. R. Civ. P. 4(e), (j); *Sullivan*, 151 F.R.D. at 333-34; *Walton*, 962 F. Supp. at 128. Because Plaintiff's claims against Foxx are also substantively deficient—for the

reasons explained below—the Court will dismiss the claims and give Plaintiff until June 26, 2020 to file a motion for leave to file a second amended complaint to the extent he is able to do so consistent with this opinion. As noted above, if that motion is granted, the Court will give Plaintiff time to serve the summons and proposed second amended complaint on Foxx.

Plaintiff's individual capacity claims against Foxx are deficient because Plaintiff does not allege any facts indicating that Foxx was personally involved in any unconstitutional conduct, either "at h[er] direction or with h[er] knowledge and consent." *Wilson*, 830 F.3d at 469. Foxx was not elected until 2016, long after Plaintiff's 2012 arrest and prosecution for failure to register under SORA.

Plaintiff's official capacity claims against Foxx is also deficient because the Eleventh Amendment prohibits courts from deciding suits brought by private litigants against states or their agencies, including state's attorneys. See *Parker v. Lyons*, 757 F.3d 701, 706 (7th Cir. 2014) (plaintiff's claims for damages against county state's attorney in his official capacity were barred by the Eleventh Amendment); *Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 265 (7th Cir. 1999) (former police officer's § 1983 claim against state's attorney's office was barred by Eleventh Amendment). "*Ex parte Young* recognized what has become one of several well-established exceptions to the Eleventh Amendment bar on suing states in federal court, permitting private citizens to sue state officials in their official capacities to require them to comply with federal law on an ongoing basis." *McDonough Associates, Inc. v. Grunloh*, 722 F.3d 1043, 1049–50 (7th Cir. 2013). However, the *Ex parte Young* exception does not apply under the facts alleged in the Complaint because, for the reasons explained above, the allegations do not plausibly suggest that Defendants' enforcement of SORA's registration requirement violates any of Plaintiff's rights under the United States Constitution. The Court can discern no other exceptions to the Eleventh

Amendment bar that might apply under the facts alleged, such as consent by the State to be sued, or abrogation by Congress of the states' traditional immunity. See *de Lima Silva v. Dep't of Corrections*, 917 F.3d 546, 565 (7th Cir. 2019); *Aku v. Chicago Bd. of Ed.*, 290 F. Supp. 3d 852, 864 (N.D. Ill. 2017).

### 4. Assistant Cook County State's Attorney Howse [89]

Howse moves to dismiss Plaintiff's claims against her in part on the basis on absolute prosecutorial immunity. "Prosecutors are absolutely immune from federal tort liability for actions they take as prosecutors carrying out their prosecutorial duties," including "'acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State.'" *Serrano v. Guevara*, 315 F. Supp. 3d 1026, 1034 (N.D. Ill. 2018) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). Plaintiff's only factual allegation against Howse concerns an act she undertook in the course of her role as an advocate for the state: stating for the record the potential sentence Plaintiff could receive if convicted (presumably, of failing to register under SORA, although the Complaint is not clear). See [51] at 12 (alleging that Howse, "in open court" and "for the public record," "intentionally misrepresented the law and possible prison time the Plaintiff could face to induce the Plaintiff to accept the two year offered by the Court"). Therefore, under the facts alleged, Plaintiff's claims against Howse are barred by prosecutorial immunity.

Plaintiff's damages claims against Howse in her official capacity are deficient for the additional reason that they are barred by the Eleventh Amendment. See *Manos v. Caira*, 162 F.Supp.2d 979, 987 (N.D. Ill. 2001) (holding that plaintiff's § 1983 "claim for damages against the Assistants State's Attorneys in their official capacity is jurisdictionally barred by the Eleventh Amendment").

### 5. Former Public Defender Willis [91]

Defendant Willis, who is now a Cook County Circuit Court judge, was Plaintiff's public defender during the time of the events in question. See [51] at 3. According to the Complaint, Willis allegedly "conspir[ed] to deprive[] the Plaintiff of his constitutional right to a trial and impartial trial or hearing." *Id.* at 16. The Court agrees with Willis that Plaintiff fails to state any claim against him because he has made only "conclusory statements untethered to facts," [91] at 3—critical facts such as who Willis allegedly conspired with, what he allegedly did to further the conspiracy, and how this deprived Plaintiff of his constitutional rights. Plaintiff's claims against Willis also must be dismissed because "a court-appointed public defender is not a state actor, and thus cannot be sued under 42 U.S.C. § 1983." *McDonald v. White*, 465 Fed. Appx. 544, 548 (7th Cir. 2012).

## III. Leave to Amend [105]

Plaintiff seeks leave to amend his complaint to include an "additional constitutional violation" that he allegedly suffered. Plaintiff alleges that when he went to the CPD registry department on December 9, 2019 to register under SORA, he was "denied once again to register because [he] is indigent and unable to pay the $100.00 dollar fee" and "was instructed that the waiver form given must be completed when [he] return to register." [105] at 2. Plaintiff further alleges that on January 8, 2020, he was "stripped of his liberty and freedom due to [his] indigency status, and unable to pay the fee." *Id.*

Although the Court must "freely give leave to amend a complaint 'when justice so requires,'" "it may deny leave to amend a complaint if the amendment would be futile." *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004) (quoting Fed. R. Civ. P. 15(a)(2)). The Court denies leave to amend in the manner requested by Plaintiff because he has not alleged

any facts that plausibly support the claim that his constitutional rights were violated. Plaintiff acknowledges that on December 9, 2019, he was told that the fee for registering under SORA would be waived if he completed a form demonstrating that he was indigent. However, Plaintiff does not allege that he ever completed the form, or that he was improperly denied indigent status after completing the form. Without this information, the Court cannot discern what Plaintiff believes the registry office did wrong on December 9, 2019 or any other date, and whether this constituted a violation of Plaintiff's constitutional rights.

Further, to the extent that Plaintiff intends to argue that the $100 fee is a fine triggering the constitutional prohibition of ex post facto laws, he fails to allege or imply that the fee is not intended to compensate the state for the cost of maintaining the sex offender registry. The Court notes that the Seventh Circuit has already determined that Wisconsin's fee—which is also $100— is not punitive. See *Mueller v. Raemisch*, 740 F.3d 1128, 1133-34 (7th Cir. 2014) (Wisconsin's $100 annual registration fee for convicted sex offenders was not punitive, and therefore did not constitute a fine triggering the constitutional prohibition of ex post facto laws; fee was intended to compensate the state for the expenses of maintaining the sex offender registry, and since the offenders were responsible for the expense, there was nothing "punitive" about making them pay for it).

**IV.    Miscellaneous Motions**

Plaintiff's motion for permission to start discovery [110] is denied. Plaintiff does not indicate that there is any urgency to beginning discovery, Plaintiff does not currently have a viable complaint on the docket, and several of the Defendants were never properly served. If Plaintiff is able to identify a viable claim, then discovery will be allowed to proceed.

Plaintiff's request to admit [114] is stricken. Discovery remains stayed. To the extent the stay is lifted, Plaintiff must serve the discovery on Defendants directly, rather than file it with the Court.

## V. Conclusion

For these reasons, all of Defendants' motions to dismiss, [58], [59], [62], [89], and [91], are granted and Plaintiff's Complaint is dismissed in its entirety. Plaintiff's request to amend complaint [105] and request for permission to start discovery [110] are both denied and Plaintiff's request for Defendants to admit [114] is stricken. Plaintiff is given until June 26, 2020 to file a motion for leave to file a second amended complaint, to the extent he can do so consistent with this opinion and Rule 11. See Fed. R. Civ. P. 11. Plaintiff must attach to his motion the second amended complaint that he seeks to file, and all documents must be served on Defendants in compliance with Federal Rule of Civil Procedure 4.

Dated: May 13, 2020

Robert M. Dow, Jr.
United States District Judge