SM

UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS, EASTERN DIVISION

# FILED

FEB 01 2022 *ey*

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

FLINT J. LEE

PLAINTIFF

CASE No. 19-CV-30

V.

CHICAGO POLICE DEPARTMENT,
OFFICER PEREZ STANFORD,
~~DEFENDANT~~,

HONORABLE Judge
Robert Dow Jr.
PRESIDING

JURY TRIAL REQUESTED

SECOND AMENDED COMPLAINT

Now comes plaintiff, FLINT J. LEE, pro se; pues.
to this HONORABLE COURT Ruling of NOV. 2, 2021;
brings Forth this SECOND AMENDED COMPLAINT

In support, see As Follows:

1.

1. The parties to this Complaint

A. Plaintiff

Flint J. Lee
1816 So. Millard
Chicago, Ill 60623
Flintlee42@yahoo.com
773-941-3941

B. Defendant (s)

City of Chicago Police Department
Registration Department, Officer
Perez Stanford. (both official and individual capacity)
3510 South Michigan
Chicago, Il 60653

Date: Jan 27, 2022

/s/ Flint Lee

2.

## Jurisdiction

Jurisdiction is granted to the plaintiff under 42 U.S. Code , 1983 ; and the 14th Amendment Equal protection clause, for the deprivation of plaintiff's Constitutional Rights and Statutory Safeguards, under the class of one standards.

## Statement of Claims

That the plaintiff brings forth this complaint Against named defendant for intentionally denying plaintiff to Adhere to set forth Statutory Requirements ; which caused the plaintiff to be unlawfully incorcerated .

That the defendant knew or should have known that the deliberate actions in denying the plaintiff to Adhere to the Registration Requirement would cause the plaintiff to suffer negative and Adverse Reprecussions . ( stripped of liberty and Freedom . )

3.

That the defendant PEREZ STANFOLD, had a duty an professional obligation in her duties in administering that statutory requirements of the registration process; but willfully and intentionally disregarded enforcing the duties given the defendant fairly and faithfully.

That the defendant PEREZ STANFOLD, willful neglect of duty; caused the plaintiff Equal protection of the law. in the registration requirements to be denied.

## I.
## Claims

1. DENIAL OF EQUAL PROTECTION OF THE LAW.

(A.) PROTECTED LIBERTY INTEREST

PROTECTED liberty interest may arise from two sources:

1. THE DUE PROCESS CLAUSE;
2. THE LAWS OF THE STATE.

4.

1. DENIAL OF DUE PROCESS AND PROCEDURAL DUE PROCESS

WHETHER THERE HAS BEEN A VIOLATION
OF PROCEDURAL DUE PROCESS IS ANSWERED
IN TWO STEPS:

(A.) IS THERE A liberty OR PROPERTY INTEREST
OF which THE STATE HAS deprived THE
PLAINTIFF;

(B.) IF SO, WERE THE PROCEDURES ATTENDANT
UPON THAT DEPRIVATION CONSTITUTIONALLY
SUFFICIENT. (GRIFFIN V. FAIRMAN, 770 F.Supp.
1271.)

THAT HERE IN THIS CASE THE PLAINTIFF PROTECTED
liberty AND FREEDOM WAS deprived; BASED UPON
A UNCONSTITUTIONAL PROCEDURES.

THAT ON SEPT. 9, 2019; THE PLAINTIFF REPORTED TO
THE CHICAGO POLICE REGISTRATION DEPARTMENT, LOCATED
AT 3510 SO. MICHIGAN AVE, CHICAGO, ILL 60653.
AND ATTEMPTED TO REGISTER PER STATUTORY REQUIRE
MENTS.

THAT DEFENDANT, OFFICER PEREZ STANFOID WAS THE
ATTENDING REGISTRATION OFFICER.

5.

That the defendant officer Perez Stanfold, informed the plaintiff that he could not be register if he did not have the $100.00 dollars Registration fee.

That the plaintiff informed defendant that he was currently unemployed, and that he would need the fee waiver form.

That defendant officer Perez Stanfold Refused the plaintiff the fee waiver form and instructed the plaintiff to leave the office. (See: Exh. A pg 15)

1. That defendant officer Perez Stanfold had No Rational basis to deny the plaintiff the fee waiver form. (Esmail, 53 F.3d. AT 179-80)

2. That defendant officer Perez Stanfold actions were clearly arbitrarily and capricious; while acting under the color of law.

3. That defendant officer Perez Stanfold willingly, with knowledge of aforethought selectively enforced pre-establish Rules and Regulation to her accord. (See: Rubinovitz, 60 F.3d AT 910.)

6.

That defendant, officer Perez Stanfold willful Neglect of Duty, to insure Fairness in the Registration process insured the plaintiff would be stripped of his liberty and Freedoms.

That defendant, officer Perez Stanfold, had a Responsibility and obligation, as a officer of the Registration department to insure public Safety by insuring the Registration was being being enforced according to established procedures.

That defendant, officer Perez Stanfold, knew or should have known that the intentional actions of refusing the plaintiff the waiver forms; would Cause the plaintiff to be in non compliance — and would cause the plaintiff to be arrested for non-Compliance. (which the plaintiff was arrested on Jan 9, 2020, for not being in compliance.)

THE U.S. Supreme Court Ruled in BRINKERHOFF—Faris trust & Sav. Co. V. Hill : Fairness of procedures

7.

is due process in the primary sense. It is ingrained in our national traditions and is designed to maintain them. In a variety of situation the court has enforced this requirement by checking attempts of executives, legislatures and lower courts who disregard the deep-rooted demands of fair play enshrined in the Constitution.

The Due Process Clause was intended to secure an individual from an abuse of power by government officials. (See: Corwin, The Doctrine of Due Process of Law Before Civil War, 24 Harv. L., Rev 366 (1911) Hurrtado v. California, 110 U.S 516, 527, 4.S. Ct 111, 116, 28 L. Ed 232 (1884).

A 'deprivations' connotes an intentional act denying something to someone or, at least, a deliberate decision not to act to prevent a loss.

8.

The due process clauses guarantees more than fair process, and the "liberty" it protects includes more than the absence of physical restraint. Collins v. Harker Heights, 503 U.S. 115, 125, 112 S. Ct. 1061, 1068 – 1069, 117 L. Ed 2d 261 (1992). Also see: Daniels v. Williams 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d. 662 (1986). Reno v. Flores 507 US. 292, 301 - 302, 113 S. Ct. 1439, 1446 - 1447, 123 L. Ed. 2d (1993).

Procedural due process claims concern the constitutionality of the specific procedures employed to deny a person of life, liberty or property. (East St. Louis school District No. 189 Financial oversight Panel 178 Ill 2d 399, 415, 227 Ill. Dec. 568, 687 N.E. 2d. 1050 (1997).

That the plaintiff was constitutionally guaranteed Equal protection of the law — and not to be entrapped attempting to adhere to the statutory Requirements.

The types of interests that constitute 'liberty' and 'property' for Fourteenth Amendment purpose are not unlimited; the interest must rise to more than an abstract need or desire. And, must be based on more than a unilateral hope. Connecticut Board of Pardons v. Dumschat, 452 U.S. 458, 465, 101 S. Ct 2464, 69 L.Ed 2d. 158 (1981). Rather, the individual claiming of protected interest must have a legitimate claims of entitlement to it.

The Supreme Court presently analyzes Equal Protection claims under three levels of scrutiny to determine if the State Action violates the Equal Protection Clause:

(1) Strict scrutiny, (2) intermediate scrutiny, (3) and, Rational basis scrutiny.

Equal protection clauses requires the fair application of laws as well as impartial legislation. (Yick Wo. v. Hopkins 118 U.S. 356, 1886).

10.

2. STATE CREATED liberty

The most common manner in which a State creates a liberty interest is by establish 'substantive' predicates to govern official decision-making, and Further, by mandating the outcome to be reached upon a finding that the relevant criteria have been met. (Hewitt v. Helms, 459 u.s. at 472.)

1. That the establish (state created) procedures for individuals who are unable to pay the registration fees. - 'The Fee waiver form.'

2. That the fee waiver form was created by the state solely for the purpose of allowing indigent registrants' to register without statutory required fee. 118 u.s. 356.

That the plaintiff had a state created protected liberty interest in receiving the fee waiver form.

11.

That defendant, Officer Perez Stanford, while acting under the color of the law, intentionally refused the plaintiff establish procedures designed to safe-guard the Registration process.

That defendant, Officer Perez Stanford, failure's to perform properly, and neglection of duties in following established procedures caused the plaintiff to suffer lost of his liberty and freedom.

CLAIMS
II

1. Violation of section 242 of Title 18.

Section 242 of title 18 makes it a crime for a person acting under the color of any law to willingly deprive a person of a right or priviteges protected by the Constitution or laws of the united States.

12.

THAT DEFENDANT OFFICER PEREZ STANFOID, ACTING UNDER THE COLOR OF LAWS OF THE REGISTRATION STATUTORY REQUIREMENTS, WILLFULLY WITH RECKLESS DISREGARD FOR THE PLAINTIFF CONSTITUTIONAL SAFE GUARDS IN THE REGISTRATION PROCESS; did DEPRIVE THE PLAINTIFF OF THE RIGHT NOT TO BE PLACED IN HARMS WAY, (BEING OUT OF COMPLIANCE) BASED ON VIOLATIONS OF THE REGISTRATION REQUIREMENTS.

THAT DEFENDANT OFFICER PEREZ STANFOID, ACTING UNDER THE COLOR OF LAW; INTENTIONAL REFUSALS, AND total deliberate indifference towards up-holding AND ENFORCING THE AUTHORITY GIVEN under the REGISTRATION STATUTE, did CAUSE THE PLAINTIFF to SUFFER, physical AND EMOTIONAL distress out OF FEAR OF BEING INCARCERATED FOR NON-COMPLIANCE.

THAT THE PLAINTIFF WAS DENIED ADHEREING to THE REGISTRATION by DEFENDANT OFFICER PEREZ STANFOID due to THE PLAINTIFF INDIGENT STATE — EVEN THOUGH AVAILABLE REMEDIES WHERE STATUTORY MANDATED.

FLINT J. LEE
1816 SO. MILLARD
CHICAGO, IL 60623
FLINTLEE420@YAHOO
JAN 27, 2022

## Relief Sought

That the plaintiff request that for the total disregards by the defendant officer Perez Stanfold, in administering and enforcing the statutory requirements; and denying the plaintiff his protected rights under the 14th Amendments equal protections clause;

And for facilitating and insuring the plaintiff would suffer in fear of harrasment, embarrassment and incarceration the plaintiff seek the following damages.

## Damages:

1. That for the defendant intentional disregards for the plaintiff's constitutional rights in the process plaintiff request: $250.000 Thousand dollars in damages.

2. That for the defendant willful and deliberate actions of denying the plaintiff the fee waiver form and denying the plaintiff to register. $250.000 Thousand dollars.

3. That for the defendant's willful neglect of duty, which caused the plaintiff to be unlawfully stripped of his liberty and freedom: $1 million dollars.

Flint J. Lee
1816 So. Millard
Chicago, IL 60622
Flintlee642@yahoo
(312) 27 2022

14.

## Criminal Registrants Notification of Requirements
### Bureau of Detectives/Criminal Registration Section
### Chicago Police Department

Date: _09 SEP 2019_

Registrant's Name (Print Clearly): _Lee_ _Flint_
         (Last)                        (First)

Registrant's Date of Birth: _13 JAN 1960_

Criminal Registration Number (CR): _15336959_

LEADS Number: _E0303198_

On today's date, the above individual came to the Chicago Police Headquarters and attempted to register as a:

☒ Sex Offender    ☐ Murder and Violent Offender    ☐ Gun Offender    ☐ Arson

**The above individual WAS NOT REGISTERED for the following reason(s):**

☐    NO Positive Identification

☐    NO Proof of Residency
       Acceptable ID Documents form given:   ☐ Yes    ☐ No

☒    NO FEE as required by Illinois Statute
       Fee Waiver Application given:       ☐ Yes    ☒ No

☐    Incomplete Fee Waiver Application

☐    NO Supporting Fee Waiver Documentation

☐    Address within 500 feet of a school, park, daycare or other child facility
       30 Day Violation Notice Given:     ☐ Yes    ☐ No

☐    Pending Equivalent Charge from ISP

☐    Other, Explain: _____

_____

I have been given a copy of this form and verbal instuctions by the witness below.

I understand that as of today's date, I am not registered.

I understand that I must comply with all requirements in order to be registered.

| Name of Registrant (Print) | Name of Witness (Print) |
|---|---|
| _Flint J. Lee_ | _Off. Stanford #1518_ |
| **Registrant's Signature** | **Witness' Signature** |
| | |

White- C.R. File, Copy (Yellow), Registrant Copy (Pink), LEADS

15.

_(Exh-A)_

## NOTICE OF FILING

PLEASE BE ADVISED THAT THE ATTACHED SECOND AMENDED COMPLAINT AND NOTICE OF LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS HAS BEEN MAILED TO THE FOLLOWING DEFENDANT OR REPRESENTIVE OF THE DEFENDANT — WITH A TRUE AND CORRECT COPY MAILED TO THE CLERK OF THE U.S. DISTRICT COURT. LOCATED 219 SOUTH DEARBORN, ST. CHICAGO, ILL 60604.

AND

DEFENDANT

OFFICER PEREZ STANFOLD
C/O
MICHELLE MCGEE, CITY OF CHICAGO
DEPT. OF LAW
30 NORTH LASALLE STREET
SUITE 900
CHICAGO, ILL 60602

By placing STATED IN THE U.S. POSTAL SERVICE ON the 27th day of JAN 2022.

FLINT JONES LEE
1816 SO. MILLARD
CHICAGO, IL 60623

16.