**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FLINT LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 19-cv-00030 |
| v. | ) |
| | ) Judge Andrea R. Wood |
| OFFICER PEREZ STANFORD, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Defendant Illinois State Police Offender Registration Unit's motion to dismiss [203] is granted; the claims against Illinois State Police Offender Registration Unit are dismissed without prejudice. Defendant Perez Stanford's motion to dismiss [199] is granted; the claims against Stanford are dismissed with prejudice. Plaintiff's motion for appointment of counsel [219] is denied. The Clerk is directed to enter Judgment in favor of Defendants. Civil case terminated. See the accompanying Statement for details.

**STATEMENT**

Plaintiff Flint Lee brought this action *pro se* alleging that Defendants Perez Stanford and Illinois State Police Offender Registration Unit ("ISP")[1] refused to allow him to register as a sex offender as required, leading to his arrest for violating Illinois's sex offender registration act. Lee contends that Defendants' conduct violated his constitutional rights and therefore asserts claims pursuant to 42 U.S.C. § 1983. Now, the ISP moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) (Dkt. No. 203), and Stanford moves to dismiss it pursuant to Rule 12(b)(6) (Dkt. No. 199). For the reasons that follow, both Defendants' motions are granted.

**I.**

Lee initiated this case on January 3, 2019. (Dkt. No. 1.) Subsequently, he filed an amended complaint on June 11, 2019, asserting claims against several state and local officials pursuant to § 1983. While the amended complaint was not a model of clarity, Lee appeared to allege that his constitutional rights were violated in connection with the requirement that he be registered on Illinois's sex offender registry. The then-presiding Judge dismissed the amended complaint in its entirety but permitted Lee an opportunity to file a motion for leave to amend if he believed he

---

[1] In the complaint, the ISP is named as the Illinois State Police Registration Division. However, the ISP contends that no such unit exists and, instead, the Offender Registration Unit maintains Illinois's sex offender registry. Thus, the Court construes the Offender Registration Unit as the Defendant Lee intended to name in this case.

could propose a second amended complaint consistent with the predecessor Judge's motion to dismiss ruling. (Dkt. No. 118.)

Eventually, on December 21, 2020, the predecessor Judge directed Lee, to file a proposed second amended complaint that contained "ALL of the claims he wishe[d] to" assert prior to the court deciding whether to grant Lee leave to file that complaint. (Dkt. No. 136.) Further, the predecessor Judge advised Lee "that every new complaint must stand as a complete document independent of any prior pleadings or complaints. This means that [Lee] should include all of his allegations and proposed claims in a single document." (*Id.*) Lee then submitted two different proposed second amended complaints. (Dkt. Nos. 137, 139.) The predecessor Judge determined that neither proposed complaint contained a viable claim. (Aug. 3, 2021 Order, Dkt. No. 150.) At the same time, the predecessor Judge observed that Lee might have a viable claim related to his allegations that, on September 9, 2019, the Chicago Police Department ("CPD") registry department hindered his ability to register as a sex offender. While neither of the proposed amended complaints provided enough information to plead such a claim adequately, the predecessor Judge decided to "indulge one final opportunity for [Lee] to explain the factual basis for his potential claim(s) in this case." (*Id.* at 2.) Thus, he directed Lee to file a brief statement responding to several factual questions concerning his experience with the CPD registry department on September 9, 2019.

Lee timely submitted a statement as directed. (Dkt. No. 151.) Based on Lee's submission, the predecessor Judge found that there was at least a possibility that Lee could plead a viable claim based on his allegations of how CPD Officer Stanford prevented Lee from complying with his registration obligations. Thus, the predecessor Judge directed Lee to file a second amended complaint limited to a § 1983 class-of-one equal protection claim against Stanford. (Nov. 2, 2021 Order, Dkt. No. 153.) After receiving one extension, Lee filed his second amended complaint ("SAC") on February 1, 2022. (Dkt. No. 156.) Consistent with Lee's earlier statement, the SAC alleged that, when Lee arrived to the CPD registry unit on September 9, 2019, Stanford informed Lee that he could not register if he did not pay the $100 registration fee and declined to provide Lee with a fee waiver form. Instead, Stanford told Lee to leave the office. Because of Stanford's improper refusal to allow him to register or provide him with a payment waiver form, Lee was arrested and charged with failing to register as a sex offender.

Shortly after Lee filed his SAC, Stanford moved to stay proceedings pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), in light of the fact that Lee was, at the time, awaiting trial on the failure-to-register criminal charges arising out of the misconduct alleged in the SAC. (Dkt. No. 163.) While that motion to stay was pending, the case was reassigned to this Court. (Dkt. No. 173.) This Court granted the motion to stay pending resolution of the state-court criminal proceedings. (Dkt. No. 184.) After the criminal charges against Lee were dismissed, the Court lifted the stay during an October 3, 2023, status hearing. (Dkt. No. 192.) At that hearing, Lee indicated that he wished to file a third amended complaint. This Court permitted Lee to submit a third amended complaint but advised him in open court that his third amended complaint would be the operative complaint in the case and replace all his previous complaints. Thus, the Court instructed Lee to ensure that his third amended complaint included all the defendants, claims, and allegations on which he intended to proceed because the Court would not be considering a third amended complaint in conjunction with his previous complaints.

Lee filed his third amended complaint ("TAC") on October 17, 2023. (Dkt. No. 196.) In addition to Stanford, the TAC added the ISP as a Defendant.[2] Both Defendants now seek dismissal of the TAC. The ISP argues that this Court lacks subject-matter jurisdiction because Lee's claims against it are barred by the Eleventh Amendment and Perez argues that the SAC fails to state a viable claim as to her.

## II.

To begin, the Court addresses the ISP's contention that the Eleventh Amendment shields it from Lee's claims. "The Eleventh Amendment grants states immunity from private suits in federal court without their consent." *Nunez v. Ind. Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016). State agencies are treated as the State for the purposes of Eleventh Amendment immunity, regardless of the nature of the relief sought. *Kroll v. Bd. of Trs. of the Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991). And the ISP is a state agency. *E.g.*, *Carr v. Ill. State Police*, No. 17 C 413, 2017 WL 5989726, at *3 (N.D. Ill. Dec. 4, 2017). Thus, the Eleventh Amendment bars a suit against the ISP, unless Illinois has waived its immunity or Congress has overridden the immunity via § 5 of the Fourteenth Amendment. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473–74 (1987). Lee fails to make any argument as to the applicability of either exception to Eleventh Amendment immunity, and the Court cannot discern any reason why the ISP would not be protected by the Eleventh Amendment. For that reason, Lee's claims against the ISP are barred by the Eleventh Amendment. Because Eleventh Amendment immunity implicates the Court's jurisdiction, the ISP's dismissal is necessarily without prejudice even though Lee's claims against it are definitively barred. *See generally McHugh v. Ill. Dep't of Transp.*, 55 F.4th 529 (7th Cir. 2022).

## III.

The Court next turns to Perez's Rule 12(b)(6) motion. To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Although the TAC is the operative complaint in this case, Perez's motion to dismiss largely addresses the allegations made in the SAC. Perez's decision to focus on those earlier, superseded allegations makes sense because the TAC is almost entirely devoid of well-pleaded factual allegations. Indeed, there are no details regarding Perez and her purported misconduct giving rise to the claims. That is despite this Court's explicit direction to Lee that he make sure

---

[2] The TAC also lists the CPD's registration division as a Defendant. However, the Court disregards this Defendant because the CPD officer Perez is already a Defendant and the CPD (and thus any division within it) is not a suable entity separate from the City of Chicago. *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997).

3

that his TAC is complete and includes all the factual allegations necessary to tell his story and state his claim. Lee failed to heed this Court's instruction, as the TAC lacks the narrative set forth in the SAC and simply sets forth threadbare legal conclusions that seem to assume this Court's familiarity with the SAC's allegations. Yet the Court made clear to Lee at the October 3, 2023 status hearing that, even as a *pro se* litigant, he would not be permitted to file his complaint in parts. Rather, the law is clear that, "when a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). Nor was this new information to Lee, as the predecessor Judge had given Lee a similar admonition. (Dkt. No. 136.) And because the governing TAC fails to set forth well-pleaded factual allegations that would support any § 1983 claim, Perez's motion to dismiss is granted.

Having granted Perez's motion to dismiss, the Court further determines that the dismissal shall be with prejudice. Back when the predecessor Judge was considering whether to allow Lee the opportunity to file an SAC, he made clear that the SAC would be Lee's "final opportunity" to state a claim. Ultimately, the viability of the SAC was never adjudicated because the case was reassigned to this Court and this Court decided to give Lee the opportunity to file a TAC updated to reflect the circumstances of the dismissed state-court criminal proceeding. In contravention of this Court's express instruction, Lee omitted his story from the TAC. The Court's review of the docket confirms that Lee has been given repeated opportunities to state a viable claim and has often failed to comply with instructions from this Court and the predecessor Judge.

Even if the Court were to overlook Lee's failure to follow the instructions to include all his claims in the TAC and nonetheless consider the allegations in the SAC in evaluating Defendants' motions to dismiss, Lee still would fail to state a viable § 1983 class-of-one equal protection claim against Stanford—which was the basis on which the predecessor Judge allowed that amended pleading. "The classic class-of-one claim is illustrated when a public official, with no conceivable basis for his action other than spite or some other improper motive comes down hard on a hapless private citizen." *Frederickson v. Landeros*, 943 F.3d 1054, 1060 (7th Cir. 2019) (internal quotation marks omitted). To state a claim, a plaintiff must "adequately allege[] that the state actor . . . intentionally discriminated against him without any rational basis for this differential treatment." *Id.*; *see also Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012) ("To state a so-called 'class-of-one' equal protection claim, [the plaintiff] must allege that he was intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." (internal quotation marks omitted)). Lee's SAC fails plausibly to allege that Stanford acted with such intent. As pleaded, her conduct is equally as consistent with routine negligence or incompetence, which does not suffice to state a class-of-one claim. *See Geinosky*, 675 F.3d at 747 ("[T]he purpose of entertaining a 'class of one' equal protection claim is not to constitutionalize all tort law nor to transform every claim for improper provision of municipal services or for improper conduct of an investigation in connection with them into a federal case." (internal quotation marks omitted)). Even considering the SAC's now-superseded allegations, Lee does not state a claim. Therefore, the Court finds that no further opportunities are warranted and dismissal with prejudice is proper.

Finally, the Court addresses Lee's recently filed motion for attorney representation. (Dkt. No. 219.) "Although there is no constitutional or statutory right to court-appointed counsel in

4

federal civil litigation, an indigent civil litigant may ask the district court to request an attorney to represent him *pro bono publico*. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (citing 28 U.S.C. § 1915(e)(1)). Before deciding whether to recruit counsel, a district court must find that the plaintiff is, in fact, indigent and thus eligible for court-recruited counsel. *E.g.*, *Brama v. Target Corp.*, No. 14 C 06098, 2017 WL 11559056, at *1 (N.D. Ill. July 24, 2017). Earlier in the case, Lee filed a motion for attorney representation that the predecessor Judge denied because Lee had failed to file a complete *in forma pauperis* application. (Dkt. No. 107.) Lee did not subsequently file a complete *in forma pauperis* application, and his latest motion for attorney representation does not address his financial condition. Since Lee has still not established his indigency, his motion for attorney representation is properly denied for that reason alone. In any case, Lee's failure to come close to pleading a viable claim despite being afforded multiple opportunities to do so demonstrates that recruiting counsel is not warranted. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) ("[I]n allocating limited pro bono lawyer resources, a district judge is able to make an educated and experienced assessment of how promising the plaintiff's case is, with or without counsel." (internal quotation marks omitted)).

### IV.

For the foregoing reasons, the ISP's motion to dismiss (Dkt. No. 203) and Perez's motion to dismiss (Dkt. No. 199) are both granted. In addition, Lee's motion for attorney representation (Dkt. No. 219) is denied.

Dated: July 17, 2024

Andrea R. Wood
United States District Judge